**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NISENAN MAIDU TRIBE OF THE NEVADA CITY RANCHERIA,<br><br>Plaintiff,<br><br>v.<br><br>KEN SALAZAR, et. al.,<br><br>Defendants. | No. 5:10-cv-00270-JF<br><br>ORDER DEFERRING CONSIDERATION OF PLAINTIFF'S MOTION TO PROCEED IN THE MATTER OF *TILLIE HARDWICK v. UNITED STATES* |

Plaintiff moves to proceed in the matter of *Tillie Hardwick, et al. v. United States, et al.*, No. C 79-1710 JF (filed July 10, 1979) ("*Hardwick*"). Defendants move to dismiss Plaintiff's claims as time-barred. For the reasons discussed below, the Court will defer consideration of both motions pending discovery with respect to the threshold question of whether Plaintiff is a *Hardwick* class member and is entitled to relief under the judgment in that case.

1

# I. FACTUAL BACKGROUND

**A. Termination of the Nevada City Rancheria Under the Rancheria Act**

In 1958, Congress passed the California Rancheria Act of 1958, Pub. Law 85-671, 72 Stat. 619, *amended by* Pub. L. 88-419, 78 Stat. 390 ("Rancheria Act" or "the Act"). The Act provided for termination of formal federal recognition of forty-one California Indian tribes or "Rancherias," including the Nevada City Rancheria.

The Act contained a number of provisions detailing the process by which the Rancherias would be dissolved. Section 2(a) required that the "Indians who hold formal or informal assignments...on each Rancheria," the "Indians of...such Rancheria," or the Secretary of the United States Department of the Interior, "after consultation with such Indians," prepare a distribution plan for each Rancheria. Section 3 required the government to undertake certain actions with respect to each Rancheria prior to distribution, including completing surveys and improving infrastructure. Section 10(b) provided that after the distribution plan was approved and finalized, federal supervision of the tribes and the status of tribal members as Indians would terminate. After termination, title was to be conveyed to those distributees identified in the distribution plan, dissolving both the federal government's fiduciary duty to the distributees and the distributed land's exemption from state and local laws, ordinances, and regulations.

According to Plaintiff's complaint, representatives of the Bureau of Indian Affairs ("BIA") visited the Nevada City Rancheria in 1958 for the purpose of disposing of the property pursuant to the Rancheria Act. Complaint ("Compl.") ¶ 33. Plaintiff alleges that "rather than consult with the several Indians living in the vicinity...the BIA spoke only to the Rancheria occupants at that time, Peter and Margaret Johnson." *Id.* ¶ 20. The parties agree that Peter and Margaret Johnson were identified by the BIA as the only "distributees" entitled to share in the distribution of the property. *Id.* ¶ 39; Opposition to Plaintiff's Motion to Proceed in the Matter of *Tillie Hardwick v. United States* ("Opp. Mot.") at 3. Defendants allege that the Rancheria was sold by the BIA in 1963 and that all of the proceeds were distributed to Peter Johnson, Margaret Johnson having died before

the sale. Opp. Mot. at 4.  On September 22, 1964, then-Secretary Stewart L. Udall published in the Federal Register the official notice of the termination of federal supervision of the Nevada City Rancheria. 29 Fed. Reg. 13,146 (Sept. 22, 1964).

### B. The *Hardwick* Litigation

On July 10, 1979, distributees from thirty-four Rancherias terminated under the Act brought a class action lawsuit in this Court against the United States and various government officials. *See Tillie Hardwick, et al. v. United States, et al.*, No. C 79-1710 JF (filed July 10, 1979).  The *Hardwick* plaintiffs asserted that the United States violated the Rancheria Act in its efforts to terminate federal supervision of the tribes.  Specifically, they claimed that the United States failed to inform the distributees properly of the legal consequences of termination, including the fact that the distributees' lands would be subject to state and local taxation and regulation, and the fact that the distributees no longer would have access to federal programs and protections.  The *Hardwick* plaintiffs also alleged that the United States failed to satisfy its obligations under Section 3 of the Act before terminating federal supervision and distributing trust lands and assets.

On February 28, 1980, Judge Spencer Williams certified a class consisting of "all those persons who receive[d] any of the assets of the following California Indian Rancherias pursuant to distribution plans purportedly prepared under the California Rancheria Act...or...any heirs or legatees of such persons and any Indian successors in interest to real property so distributed." Opp. Mot., Exh. 3 (Order Re: Class Certification, *Tillie Hardwick et al. v. United States et al.*, No. C 79-1710 (Feb. 28, 1980)) at 2.  The certification order contained a list of all Rancherias covered by the lawsuit, which included the Nevada City Rancheria. *Id*.

On July 21, 1983, the parties to the *Hardwick* litigation entered into a Stipulation for Entry of Judgment ("Final Judgment"). Opp. Mot., Exh. 4 (Stipulation for Entry of Judgment, *Tillie Hardwick et al. v. United States et al.*, No. C 79-1710 (July 21, 1983)).   The settlement divided the terminated Rancherias into three subclasses.  The first subclass consists of seventeen

3

Rancherias that were restored to federally protected status.[1]  The second subclass includes twelve Rancherias whose claims were dismissed without prejudice.[2]  According to David Rapport, the attorney for the *Hardwick* plaintiffs, these claims were dismissed because:

> No class member from these rancherias currently owns real property within the original rancheria boundaries.  The property was either sold to non-Indians when the rancheria was terminated and the proceeds of these sales distributed to rancheria members in lieu of deeds to individual parcels of property or all of the property originally distributed was subsequently sold to non-Indians.  In either case the federal defendants are unwilling to re-assume responsibility for any of these rancherias without a final judicial determination of their obligation to do so.

Opp. Mot., Exh. 5 (Certificate of Counsel Re: Hrg on Approval of Settlement of Class Actions (Nov. 17, 1983)) at 9.  The third subclass consists of a number of individuals, some of whom were members of Rancherias included in the second subclass, whose claims were dismissed with prejudice because of the res judicata effect of prior lawsuits. Final Judgment ¶¶ 15-19.

It is undisputed that neither the Nevada City Rancheria nor any of its members were listed in the Final Judgment.  The notice of proposed settlement that was posted in local newspapers containing a list of those Rancherias covered by the lawsuit also did not include the Nevada City Rancheria. Opp. Mot., Exh. 7 (Federal Defendants' Statement of Compliance of Order Filed October 21, 1983, *Tillie Hardwick et al. v. United States et al.*, No. C 79-1710 (Nov. 16, 1983)).  In addition, although Peter and Margaret Johnson were included on the list of individuals to whom notice was to be mailed, *see* Opp. Mot., Exh. 9 (Mailing List of Class Members, *Tillie Hardwick*

---

[1] The first subclass included (1) Big Valley; (2) Blue Lake; (3) Buena Vista; (4) Chicken Ranch; (5) Cloverdale; (6) Elk Valley; (7) Greenville; (8) Mooretown; (9) North Fork; (10) Picayune; (11) Pinoleville; (12) Potter Valley; (13) Quartz Valley; (14) Redding; (15) Redwood Valley; (16) Rohnerville; (17) Smith River. Final Judgment ¶ 2.

[2] The second subclass included (1) Graton; (2) Scotts Valley; (3) Guideville; (4) Strawberry Valley; (5) Cache Creek; (6) Paskenta; (7) Ruffeys; (8) Mark West; (9) Wilton; (10) El Dorado; (11) Chico; (12) Mission Creek. *Id.* ¶ 14.

*et al. v. United States et al.*, No. C 79-1710 (Oct. 21, 1983)), the parties did not mail notice to any class member from the Nevada City Rancheria. *See* Opp. Mot. at 6. According to Defendants, no notice was mailed because at the time of the settlement, both Peter and Margaret Johnson were deceased. *Id.*[3]

## II. PROCEDURAL BACKGROUND

Plaintiff filed the present action on January 20, 2010, alleging violations of the Rancheria Act similar to those alleged by the plaintiffs in *Hardwick*. Plaintiff sought restoration of its federally protected status as an "Indian" tribe and an order compelling the Secretary of the Interior to take into trust land within a twenty-five-mile radius of the former site of the Rancheria. Compl. ¶ 4. In addition, Plaintiff alleged that it had been omitted erroneously from this Court's judgment in *Hardwick,* and that such omission amounts to a breach of Defendants' fiduciary duties. *See id.* ¶¶ 62-63.

On June 11, 2010, Plaintiff noted that it was "investigating whether the claims should proceed through an existing action pending before this court[4]... as Plaintiff is a member of the class identified therein." Joint Case Management Statement, June 11, 2010 at 6. Over the next ten months, Plaintiff apparently sought discovery related to its alleged wrongful omission from the *Hardwick* judgment. On April 7, 2011, after receiving Defendants' *Hardwick* file, Plaintiff requested an order directing California Indian Legal Services ("CILS"), which represented the

---

[3] The parties offer differing theories to explain the omission of the Nevada City Rancheria from the Final Judgment. Plaintiff claims to have "fallen through the legal cracks due to a clerical error," Reply to Opposition to Motion to Proceed in the Matter of *Tillie Hardwick* ("Reply") at 1, while Defendant implies that the omission may have been intentional. Opp. Mot. at 14 n.8. For the purposes of the instant motion, it is not necessary for the Court to determine the reason for the omission.

[4] While Plaintiff's moving papers often refer to *Hardwick* as "pending," the case was dismissed in 1992. *See* Notice and Order of Dismissal, *Tillie Hardwick, et al. v. United States, et al.*, No. C 79-1710 JF, May 20, 1992 (Dkt. 258). This confusion may result from the fact that the Court has continued to hear a number of post-judgment matters related to or arising under *Hardwick*, many of which are listed in *Hardwick*'s docket. *See* Docket No. C 79-1710.

5

plaintiff class in *Hardwick*, to turn over its own *Hardwick* file. Application for Order to Show Cause, Apr. 7, 2011 (Dkt. 27). Six weeks later, Magistrate Judge Grewal ordered CILS to produce "all non-privileged, non-work product documents in the disputed file." Order, May 25, 2010 at 2 (Dkt. 45).

Plaintiff filed its motion to proceed on August 5, 2011. Plaintiff argues that because the Nevada City Rancheria members were not notified of the *Hardwick* judgment nor included in the final entry of judgment, "they were not the subject of a judgment or dismissal... [and] as such *Hardwick* should be considered open to Class Members." Reply at 2. At oral argument, the Court expressed the view that Plaintiff's motion properly should be considered under Fed. R. Civ. P. 60(b), as the *Hardwick* case was terminated in 1992. The Court also observed that in the absence of at least some fact discovery, it would premature for it to decide whether to re-open the *Hardwick* litigation:

> The burden is on the Plaintiffs on a Rule 60(b) motion...so unless and until the plaintiffs can show that number one, they were wrongfully excluded, and number two that the exclusion made a difference, there's really nothing for the court to do.

Tr. 10, Sept. 9, 2011 (Dkt. 65).

To bring a successful motion for relief under Rule 60(b), Plaintiff first must show that it is a member of the *Hardwick* class.[5] Plaintiff also must establish that it would have been in the subclass of Rancherias actually entitled to relief under *Hardwick* and not in one of the subclasses

---

[5] In order to prove membership in the *Hardwick* class, Plaintiff must show that its members are "persons who receive[d] any of the assets of the following California Indian Rancherias pursuant to distribution plans purportedly prepared under the California Rancheria Act...or...any heirs or legatees of such persons and any Indian successors in interest to real property so distributed." Opp. Mot., Exh. 3 (Order Re: Class Certification, *Tillie Hardwick et al. v. United States et al.*, No. C 79-1710 (Feb. 28, 1980)) at 2. The instant litigation is brought in the name of the Nisenan Maidu Tribe; however, Plaintiff may amend its complaint to list any alleged individual *Hardwick* class members as Plaintiffs.

of Rancherias whose claims long since have been dismissed.[6]

## III. ORDER

Good cause therefor appearing, consideration of Plaintiff's motion is hereby DEFERRED pending limited discovery with respect to whether Plaintiff is a member of the *Hardwick* class and is entitled to relief under the judgment in that case. Once such discovery is complete, the Court will invite briefing on a motion to re-open the *Hardwick* judgment pursuant to Fed. R. Civ. P. 60(b). In light of the foregoing, Defendant's motion to dismiss is TERMINATED without prejudice.

**IT IS SO ORDERED.**

DATED: 9/22/2011

_____
JEREMY FOGEL
United States District Judge

---

[6] It order to establish that it is entitled to relief under *Hardwick*, Plaintiff must demonstrate that at the time of the *Hardwick* settlement, at least one class member from the Nevada City Rancheria owned real property within the original rancheria boundaries.